**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00542-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

5.  JOSE TORRES-URRUTIA,

    Defendant.

_____

**PRELIMINARY ORDER OF FORFEITURE
ONLY AS TO DEFENDANT JOSE TORRES-URRUTIA**
_____

**Blackburn, J.**

During the sentencing hearing On November 4, 2011, I considered and granted from the bench the **United States' Motion For Preliminary Order of Forfeiture Only as to Defendant Jose Torres-Urrutia** [#555][1] filed November 1, 2011. I have read the motion and considered the relevant record. Thus, I find as follows.

On August 9, 2011, the United States and defendant, Jose Torres-Urrutia, entered into a Plea Agreement [#441], which provides a factual basis and cause to issue a forfeiture order under 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2 .

The requisite nexus exists between the 1997 Dodge Ram 2500, VIN 2B6HB21Y8VK534564, and the charge of conspiracy to distribute and possess with the intent to distribute 5 kilograms and more of a Schedule II controlled substance

---

[1] "[#555]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

1

containing a detectable amount of cocaine that defendant, Jose Torres-Urrutia, pleaded guilty to.

Prior to the disposition of the assets, the United States, or its designated sub-custodian, is required to seize the forfeited property and provide notice to any third parties pursuant to 21 U.S.C. § 853(n);

**THEREFORE, IT IS ORDERED, DECREED AND ADJUDGED:**

1.  That the **United States' Motion For Preliminary Order of Forfeiture Only as to Defendant Jose Torres-Urrutia** [#555] filed November 1, 2011, is granted;

2.  That the right, title, and interest of the defendant, Jose Torres-Urrutia, in the following:

    1997 Dodge Ram 2500, VIN 2B6HB21Y8VK534564,

is forfeited to the United States in accordance with 21 U.S.C. § 853;

3. That pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment;

4.  That the United States, or its designated sub-custodian, is directed to seize the property subject to forfeiture, and further to make its return as provided by law;

5.  That the United States shall publish notice of this Preliminary Order of Forfeiture in accordance with 21 U.S.C. ' 853(n) via a government website for at least thirty (30) consecutive days, and to make its return to this Court that such action has been completed;

6.  That on adjudication of all third-party interests, if any, the Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853 and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all interests will be addressed;

      7.  That the Court shall retain jurisdiction to enforce this Order and adjudicate the interests of all third-parties in ancillary proceedings; and

      8.  That, this Preliminary Order of Forfeiture will be amended pursuant to Fed. R. Crim. P. 32.2(e)(1) if additional specific property is later identified.

Dated November 7, 2011, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge